FILED by D.C.
INTAKE
AUG 0 8 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 07-22040 CIV-JORDAN**

TORRES

**ANGELY MARIA** and **TODD NARSON**, individually, and on behalf of all others similarly situated,

Plaintiffs,

vs.

**APPLE COMPUTER, INC.**, a foreign corporation for profit,

Defendant.

**COMPLAINT**

**CLASS ACTION**

---

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, ANGELY MARIA and TODD NARSON, individually and on behalf of all others similarly situated, by and through undersigned counsel, sue APPLE COMPUTER, INC., a foreign corporation authorized to do business and doing business in the State of Florida (hereinafter "APPLE" or Defendant) and allege as follows:

1. This is an action pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.* This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1331.

2. Venue is proper in the Southern District of Florida because APPLE does business in Miami-Dade County, Florida and because the events and omissions giving rise to the claims occurred in Miami-Dade County, Florida, including the fact that Defendant APPLE sold and provided products, including iPod products, to residents of this District.



Dockets.Justia.com

3. Plaintiffs are residents of Miami-Dade County Florida and are "consumers" as defined by §1681a(c) of the FCRA. Plaintiffs seek to represent a class of consumers, likewise defined by 15 U.S.C. §1681a(c).

4. Plaintiffs, on behalf of themselves and all others similarly situated customers of APPLE bring this action based on the Defendant's practice of violating 15 U.S.C. §1681c(g), a provision of the Fair and Accurate Credit Transaction Act ("FACTA") which was enacted by Congress in 2003 to aid in the prevention of identity theft and credit/debit card fraud.

5. Defendant APPLE is a California corporation, with its principal place of business located in Cupertino, California, and is authorized to do business in the State of Florida. Defendant conducts business in the Southern District of Florida and throughout the United States and is "a person that accepts credit cards and debit cards for the transaction of business" under FCRA, and pursuant to the definition of "person" set forth therein. In particular, Defendant solicits business electronically on the internet with residents of Miami-Dade County Florida and nationwide and sells products through that mode of commerce. As a direct marketer of its various products, including but not limited to iPod products, APPLE creates an electronic transaction with customers and creates a receipt that is generated by APPLE and printed out with each purchase by the consumer. The receipt is intended and expected by APPLE to be printed and used by the consumer in the same manner as any consumer transaction purchase. Plaintiffs utilized Defendant's Apple Store (U.S.) internet site to make a consumer transaction and were provided with receipts for their purchases.

6. 15 U.S.C. §1681c(g) provides:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

Despite having had several years in which to bring itself into compliance with the law, and despite clear advance notice and communications regarding the need for compliance, Defendant ignored the clear mandate of the United States Congress and the protections against identity theft and credit card fraud which the law addressed. Defendant's continued failure to comply with the law, recklessly subjecting its customers to identity theft and credit card fraud injures, fully demonstrates that Defendant has willfully violated §1681c(g) with respect to the Plaintiffs and thousands of customers. Based on these violations, Defendant is liable to Plaintiffs and the proposed class of similarly situated customers as set forth by Congress in 15 U.S.C. §1681n.

7. At all times material to this action, the Plaintiffs utilized a debit or credit card issued in their names to transact business with Defendant and had the last five digits of their debit or credit card's account number and/or the card's expiration date printed on the receipt provided to them by Defendant. Copies of those receipts are attached hereto as Exhibit "A" but have been redacted to protect the privacy of the Plaintiffs and further the purposes of the FCRA, which is to reduce identity theft.

8. 15 U.S.C. §1681c(g), by its express terms, became effective on December 4, 2004, with respect to "any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that was "first put into use on or after January 1, 2005." With respect to Cash Registers or other machines or devices that electronically prints receipts for credit card or debit card transactions that were in use before January 1, 2005, the statute did not become effective until December 4, 2006. Thus, Congress gave companies which were using "older" Cash Registers or other machines or devices that electronically prints receipts for credit card or debit card transactions put in use before January 1, 2005, significant time to "fix" the problem with respect to

those Cash Registers or other machines or devices that electronically prints receipts for credit card or debit card transactions. In contrast, with respect to Cash Registers, machines or devices first put into use on or after January 1, 2005, Congress imposed liability immediately.

9. Although Defendant had direct notice as to the requirements of FACTA, Defendant ignored such notice, as well as the terms of FACTA itself, and continued to provide and/or print prohibited information on customer receipts after the effective date of FACTA, recklessly subjecting its customers to the very identity theft and credit card fraud the law is designed to avoid.

10. After December 4, 2006, Defendant provided and/or printed the expiration date and/or provided and/or printed more than the last five (5) digits of Plaintiffs' credit card or debit card numbers on receipts provided to Plaintiffs at the point of sale or transaction between Plaintiffs and Defendant. All receipts provided and/or printed on or after December 4, 2006, which contain the prohibited information are violations, irrespective of when the receipt producing/printing device was put into use.

11. Defendant's violations as herein alleged, were not accidental or isolated oversight. Defendant knew that its receipt practice contravened the rights of consumers under FCRA, or, at a minimum, recklessly disregarded whether its practice contravened consumers' rights. Defendant flouted Congressional mandate and put its customers at greater risk for identity theft and credit care fraud in order to avoid the expense of reprogramming and/or replacing its receipt producing/printing devices.

12. Plaintiffs seek, on behalf of themselves and the class, statutory damages, punitive damages, costs and attorneys fees, all of which are expressly made available pursuant to 15 U.S.C. §1681 *et. seq.*, and a permanent injunction enjoining APPLE from continuing its unlawful practice

of willfully violating FACTA's provision intended to safeguard against identity theft and credit and debit card fraud.

## CLASS ACTION ALLEGATIONS

13. Plaintiffs bring this action on behalf of themselves and a class of persons similarly situated (sometimes referred to as "Class Members"). This action is properly maintainable as a class action pursuant to Fed.R.Civ.P. 23(a) and 23(b)(1)-23(b)(3).

14. Definition of Class: Plaintiffs seek to represent a class of Defendant's customers as follows:

> All individuals in the United States of America who, on or after December 4, 2006, were provided at the point of sale or transaction with an electronically printed/produced receipt by Defendant on which appeared and were included more than the last five (5) digits of the persons' credit card or debit card number, and/or on which Defendant included the expiration date of the person's credit or debit card.

15. There is a well defined community of interest in the litigation. The members of the proposed Class can be ascertained from Defendant's records and/or from information readily accessible to Defendant. Since Defendant was a direct seller of its products, that information is exclusively within the control of this Defendant. Notice can be sent to the Class Members by mail, email, website notice, through publication in newspapers and periodicals, or by other methods suitable to this Class and/or deemed appropriate by the Court. Defendant has email addresses for each and every member of the Class because all of the violative transactions took place over the internet and directly with the Defendant.

16. Numerosity: The Class Members are so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and the Court.

17. Plaintiffs are informed and believe that there are, at minimum, hundreds of members of the Class described in paragraph 14 above.

18. Adequacy of Representation: Plaintiffs, themselves and through their attorneys, will fairly, adequately and vigorously represent and protect the interests of the Class, and Plaintiffs has no interest adverse to the interests of the Class which Plaintiffs seek to represent Plaintiffs' attorneys are competent and experienced class action attorneys, will fully and adequately represent and protect the class, and are ready, willing and able to do so.

19. Commonality: Common questions of law and fact exist as to the Class Members, and predominate over any questions that affect only individual Class Members. Such common questions include, but are not limited to, the following:

a. Whether Defendant's conduct in printing/providing receipts containing prohibited information on Plaintiffs' and Class Members' printable receipts violated FCRA;

b. Whether Defendant's conduct, if violative of FCRA, was willful under applicable legal standards;

c. Whether Plaintiffs and Class Members are entitled to recover statutory damages, attorney's fees and costs based on Defendant's violations of FCRA;

d. Whether Plaintiffs and all others similarly situated are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct.

20. Typicality: Plaintiffs' claims are typical of the claims of the Class Members. Plaintiffs and the other Class Members were subjected to the same unlawful and willful conduct. The claims of Plaintiffs and the other Class Members are based on the same legal theories.

21. Superiority: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class Members are small in the sense that pertinent to the class action analysis, the expenses and burden of individual litigation would make it economically infeasible and procedurally impracticable for the individual Class Members to individually seek redress for the wrongs done to them. On the other hand, important public interests, including the deterrence of former unlawful conduct and the prevention of identity theft, will be served by addressing the matter as a class action. The cost to the court systems and the public of adjudication of individual litigation and claims would be substantial, and substantially more than if the claims are adjudicated in a class action. Individual litigation and claims would also present the potential for varying, inconsistent and/or contradictory judgments. The public interest in protecting the rights of consumers favors disposition of the controversy in the class action form. Plaintiffs are informed and believe that the individual Class Members have no interest in controlling the prosecution of separate actions. Plaintiffs are unaware of any other litigation concerning the controversy already commenced by or against members of the class. Plaintiffs know of no difficulty

to be encountered in the management of the action that would preclude its maintenance as a class action.

22. Injunctive Relief: APPLE has acted on grounds generally applicable to the Class Members, thereby making appropriate final injunctive relief with respect to the class as a whole.

## CLAIM FOR RELIEF
**Violation of 15 U.S.C. §§1681 *et. seq.***

23. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 22 of this complaint as if fully set forth herein.

24. During the relevant time period, as alleged above, Defendant repeatedly and systematically printed/provided statutorily prohibited information (i.e., the expiration date of a consumer's credit card or debit card and/or more than the last five (5) digits of a consumer's credit card or debit card number) on receipts it printed/provided at the point of sale or transaction to consumers, including Plaintiffs and Class Members, in violation of 15 U.S.C. §1681c(g).

25. Defendant's conduct was pursuant to its policies, routine practices, procedures and customs for electronically printing/providing receipts, at least with respect to certain transactions, which inexcusably failed to comply with the law. Defendant knew or recklessly disregarded that its use of software and/or receipt producing/printing devices that did not comply with the law, and that its printing of prohibited information on customers' receipts, was in contravention of Plaintiffs' and Class Members' rights. As such, Defendant's violations of the FCRA, as alleged by Plaintiffs on behalf of themselves and Class Members, were "willful" for purposes of FCRA.

26. As a result of Defendant's willful violation of §1681c(g), Plaintiffs and each of the Class Members are entitled to monetary relief under 15 U.S.C. §1681n of not less than $100 and not more than $1,000 for each violation by Defendant together with costs of suit and reasonable attorney's fees.

27. Plaintiffs and Class Members suffered actual harm in that they were also exposed to at least an increased risk of identity theft by reason of Defendant's conduct. However, Plaintiffs do not seek to quantify or recover actual damages in this case, either for themselves or the Class Members. That actual loss is small and difficult to quantify which is why statues such as the FCRA provide for modest statutory damages resulting from the violations alleged above. Class members with actual damages will be entitled to opt out of this action, should they so desire, and litigate independently.

28. Defendant's conduct is continuing, and unless restrained, Defendant will continue to engage in unlawful conduct.

29. As a result of Defendant's willful violation of FACTA, Plaintiffs and all others similarly situated are entitled to punitive damages.

30. Plaintiffs demands trial by jury of all issues so triable in this case.

WHEREFORE, Plaintiffs individually and on behalf of all others similarly situated request that this Court grant the following relief against Defendant APPLE:

A. Class certification;

B. That Plaintiffs be designated as the Class Representative and that Plaintiffs' attorneys of record be designated as Class Counsel;

C. "Statutory damages" under 15 U.S.C. §1681n for each willful violation as alleged

herein;

D. Punitive damages under 15 U.S.C. §1681n;

E. Cost and attorney's fees;

F. Interest as permitted by law;

G. A permanent injunction enjoining APPLE from engaging in unlawful violations of FACTA, and

H. Such other and further relief including but not limited to nominal damages as this Court deems just and proper.

DATED: August 6, 2007

Leesfield Leighton & Partners, P.A.
*Attorneys for Plaintiffs*
2350 South Dixie Highway
Miami, Florida 33133-2314
Telephone No. 305-854-4900
Facsimile No. 305-854-8266

By: ______________________
John Elliott Leighton
Fla. Bar No. 507921

Sarelson, P.A.
*Attorneys for Plaintiffs*
555 Washington Avenue, Suite 200
Miami Beach, Florida 33139-6639
Telephone No. 305-674-3353
Facsimile No. 800-421-9954

By: ______________________
Matthew S. Sarelson
Fla. Bar No. 888281

-and-

Jay M. Levy, P.A.
*Attorneys for Plaintiffs*
9130 South Dadeland Boulevard
Two Datran Center, Suite 1510
Miami, Florida 33156
Telephone No. (305) 670-8100
Facsimile No. (305) 670-4827

By ______________________
Jay M. Levy
Fla. Bar No 219754

# EXHIBIT A

1-800-MY-APPLE

# Thank you for your order.

We're processing it now. You will receive an email confirmation shortly.

To check the status of your order, please visit http://www.apple.com/OrderStatus.

Please print this page or write down your order number (see below). It lets you track order status, get information about your software download (if applicable) and more.

If you need to talk to a customer service representative about your order, please allow about 30 minutes for our system to process it before calling. We appreciate your patience.

Print this page for your records.

**Billing Address:**

[redacted]@hotmail.com
[redacted]

**Payment Method:**

W30028970

American Express: [redacted] $25.63
Expires: [redacted]

## Products to be Shipped

Your web order number is **W30028970**

**Order Summary:**

Learn more about shipping and delivery options.

| Order Info | Order Items | Quantity | Item Price | Item Total |
|---|---|---|---|---|
| **Web Order Number**<br>W30028970<br>**Shipping Address**<br>angely maria<br>[redacted]<br>**Shipping Method**<br>Standard Shipping | **iKlear iPod, MacBook & MacBook Pro Cleaning Kit**<br>Part Number: TK299LL/A<br>**Ships by:** Aug 1 - Aug 2<br>**Delivers by:** Aug 3 - Aug 8 | 1 | $19.95 | **$19.95** |
| | | | Order Subtotal: | $19.95 |
| | | | Shipping Charge: | $4.00 |
| | | | Estimated Tax*: | $1.68 |
| | | | **Estimated Total:** | **$25.63** |

Continue shopping

**Tell us what you think.**
Let us know how to make your shopping experience better.

Stay in touch. Keep me up to date with Apple news, software updates and the latest information on products and services to help me make the most of my Apple products. Apple Customer Privacy Policy

Search

1-800-MY-APPLE

# Thank you for your order.

We're processing it now. You will receive an email confirmation shortly.

To check the status of your order, please visit http://www.apple.com/OrderStatus.

Please print this page or write down your order number (see below). It lets you track order status, get information about your software download (if applicable) and more.

If you need to talk to a customer service representative about your order, please allow about 30 minutes for our system to process it before calling. We appreciate your patience.

Print this page for your records.

| Billing Address: | Payment Method: | |
|---|---|---|
| Todd Narson<br>[redacted] | W29980430<br>Mastercard: [redacted]<br>Expires: [redacted] | $212.93 |

## Products to be Shipped

Your Web order number is **W29980430**

Order Summary:

Learn more about shipping and delivery options.

| Order Info | Order Items | Quantity | Item Price | Item Total |
|---|---|---|---|---|
| **Web Order Number**<br>W29980430<br>**Shipping Address**<br>Todd Narson<br>[redacted]<br>**Shipping Method**<br>Standard Shipping | **iPod nano, 4GB - Pink - personalized**<br>Part Number: PA489LL/A<br>Engraving:<br>Dr. Corey Narson<br>**Ships by:** Jul 30 - Jul 31<br>**Delivers by:** Aug 1 - Aug 6 | 1 | $199.00 | **$199.00** |
| | | | Order Subtotal: | $199.00 |
| | | | Free Shipping: | $0.00 |
| | | | Estimated Tax*: | $13.93 |
| | | | **Estimated Total:** | **$212.93** |

Tell us what you think.
Let us know how to make your shopping experience better.

Continue shopping

You can also order from The Apple Store by calling 1-800-MY-APPLE.
(1-800-692-7753)
Sales and Refunds | Terms of Use | Privacy Policy | Contact Us
Copyright © 2007 Apple Inc. All rights reserved.

Search

1-800-MY-APPLE

# Thank you for your order.

We're processing it now. You will receive an email confirmation shortly.

To check the status of your order, please visit http://www.apple.com/OrderStatus.

Please print this page or write down your order number (see below). It lets you track order status, get information about your software download (if applicable) and more.

If you need to talk to a customer service representative about your order, please allow about 30 minutes for our system to process it before calling. We appreciate your patience.

Print this page for your records.

| Billing Address: | Payment Method: | |
|---|---|---|
| Todd Narson [redacted] | W29980843 Mastercard: [redacted] Expires: [redacted] | $373.43 |

## Products to be Shipped

Your web order number is **W29980843**

**Order Summary:**

Learn more about shipping and delivery options.

| Order Info | Order Items | Quantity | Item Price | Item Total |
|---|---|---|---|---|
| **Web Order Number** W29980843 **Shipping Address** Todd Narson [redacted] **Shipping Method** Standard Shipping | **iPod, 80GB - Black - Personalized** Part Number: PA450LL/A<br>Engraving: Miami Beach Family & Sports Chiropractic Center<br>**Ships by:** Jul 30 - Jul 31<br>**Delivers by:** Aug 1 - Aug 6 | 1 | $349.00 | $349.00 |
| | | | Order Subtotal: | $349.00 |
| | | | Free Shipping: | $0.00 |
| | | | Estimated Tax*: | $24.43 |
| | | | **Estimated Total:** | **$373.43** |

**Tell us what you think.** Let us know how to make your shopping experience better.

Continue shopping

You can also order from The Apple Store by calling 1-800-MY-APPLE.
(1-800-692-7753)
Sales and Refunds | Terms of Use | Privacy Policy | Contact Us
Copyright © 2007 Apple Inc. All rights reserved.

Search

1-800-MY-APPLE

# Thank you for your order.

We're processing it now. You will receive an email confirmation shortly.

To check the status of your order, please visit http://www.apple.com/OrderStatus.

Please print this page or write down your order number (see below). It lets you track order status, get information about your software download (if applicable) and more.

If you need to talk to a customer service representative about your order, please allow about 30 minutes for our system to process it before calling. We appreciate your patience.

Print this page for your records.

| Billing Address: | Payment Method: | |
|---|---|---|
| Todd Narson<br>[redacted] | W29979785<br>VISA [redacted]<br>Expires: [redacted] | $32.09 |

**Please note:**
QuickTime 7 Pro for Windows works only with the free QuickTime 7 Player for Windows. Be sure you have installed QuickTime 7 for Windows before you enter your QuickTime 7 Pro registration code.

# Electronic Purchases

Your web order number is **W29979785**

**Order Summary:**

| Order Info | Order Items | Quantity | Item Price | Item Total |
|---|---|---|---|---|
| **Web Order Number**<br>W29979785 | **QuickTime 7 Pro for Windows**<br>Part Number: D3381Z/A<br>Registered Name: Todd Narson<br>Keys: FYW8-ZNGF-88UB-ZSKP-A9VU | 1 | $29.99 | $29.99 |
| | | | Order Subtotal: | $29.99 |
| | | | Estimated Tax*: | $2.10 |
| | | | **Estimated Total:** | **$32.09** |

For help installing your QuickTime key, click here.

**Tell us what you think.**
Let us know how to make your shopping experience better.

Continue shopping

You can also order from The Apple Store by calling 1-800-MY-APPLE.
(1-800-692-7753)
Sales and Refunds | Terms of Use | Privacy Policy | Contact Us

Copyright © 2007 Apple Inc. All rights reserved.

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

07-22040

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

ANGELY MARIA and TODD NARSON, individually, and on behalf of all others similarly situated,

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

John Elliott Leighton, Esq.
Leesfield, Leighton & Partners
2350 South Dixie Highway
Miami, FL 33133 (305) 854-4900

## DEFENDANTS

APPLE COMPUTERS, INC., a foreign corporation for profit,

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

CIV-JORDAN

Attorneys (If Known)

TORRES

(d) Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

FILED by D.C. INTAKE
AUG 08 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☒ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☐ NO
b) Related Cases ☐ YES ☐ NO

JUDGE
DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**): 15 U.S.C. § 1681 et seq, Violation of Fair and Accurate Credit Transaction Act 15 U.S.C. § 1681 c (g)

LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

SIGNATURE OF ATTORNEY OF RECORD

DATE 8-7-07

**FOR OFFICE USE ONLY**

AMOUNT 350 RECEIPT # 964530 IFP