IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 07-22040-CIV-JORDAN/TORRES

**ANGELY MARIA** and **TODD NARSON**, individually, and on behalf of all others similarly situated,

Plaintiffs,

vs.

**APPLE COMPUTER, INC.**, a foreign corporation for profit,

Defendants.

# JOINT SCHEDULING REPORT

## PURSUANT TO S.D. Fla. L.R. 16.1.B

Pursuant to S.D. Fla. L.R. 16.1.B.2, counsel for the parties in this action, Plaintiffs ANGELY MARIA and TODD NARSON, on behalf of themselves and others similarly situated, and Defendant, APPLE COMPUTER, INC. (collectively, "the parties"), submit this Joint Scheduling Report pursuant to the Court's October 25, 2007 Order. The Parties have conferred and jointly advise the Court as follows:

## 1. DETAILED DISCOVERY SCHEDULE AND PROPOSED LIMITS OF TIME

The parties agree that this should be designated as a complex track matter pursuant to S.D. Fla. L.R. 16.1.B.2. Because of the nature of this case as described in more detail below, the parties have agreed to propose that the Court hold a scheduling conference to discuss the matters of efficient case resolution described herein.

Plaintiff filed a class action for alleged violations of the Fair and Accurate Credit Transactions Act ("FACTA"), which is codified as 15 U.S.C. §§ 1681 et seq. FACTA was codified within the Fair Credit Reporting Act ("FCRA"). FACTA was enacted in 2003 and



Dockets.Justia.com

became applicable on two separate dates (December 4, 2004 and 2006). Specifically, the FACTA provision at issue (15 U.S.C. § 1681c(g)(1)) provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." See 15 U.S.C. § l681c(g)(1). Plaintiff alleges that Defendant willfully violated this provision and is therefore liable to Plaintiff for statutory damages ranging from "not less than $100 and not more than $1000" for each violation. 15 U.S.C. § 1681(n)(a)(1)(A).

The parties agree that the likelihood of efficient and prompt disposition of this case would best be achieved by dividing the schedule into three phases. The first phase would be directed toward several threshold issues that the parties agree could dispose of the entire action. In particular, Defendant contends that the statute upon which the action is based, the Fair and Accurate Credit Transaction Act ("FACTA"), 15 U.S.C. § 1681 *et seq.*, was intended to protect consumers by restricting credit card data printed on paper receipts at stores. Defendant contends FACTA was not intended to apply, and by its plain language does not apply, to Internet purchases as alleged in this action. To the contrary, Plaintiffs contend that online transactions are subject to FACTA. Thus, the parties have agreed that it would be efficient, and possibly conducive to prompt disposition of this action, to ask the Court at the outset to consider a motion presenting the issues of whether such statutory terms as "print," "receipt," and "point of sale or transaction" apply to Defendant's conduct. While there might be some evidence submitted in support of the motion, supplementing the Apple Store website screen images that Plaintiff has incorporated by reference into the Complaint, the parties nevertheless agree that this motion would most likely be styled as a motion for judgment on the pleadings under Federal Rule 12(c). The parties agree that such a motion

would not necessitate discovery, and therefore could be briefed and argued prior to initiation of discovery, thereby potentially saving resources if the issues do indeed prove dispositive.

If this motion is not granted, the parties agree that the second phase of the case (and the first phase of discovery) should be the determination of whether the proposed class is suitable for certification.

The third phase of the case (and second phase of discovery) would be the remaining issues on the merits. The parties agree that, during this stage, Defendants should be permitted to file a further dispositive motion (likely a motion for summary judgment) on the issue of whether any violation of FACTA by Defendant was "willful." Plaintiffs are not alleging actual monetary harm. Instead, they are seeking statutory penalties which are available only if any violation of FACTA was "willful." *See* 15 U.S.C. § 1681n(a). At the end of discovery, Defendant plans to file a motion for summary judgment on these and possibly other issues.

Based on the foregoing, the parties propose the following discovery schedule and case management deadlines:

(i) November 6, 2007 - Meet and confer regarding Rule 26 disclosures.

(ii) December 12, 2007 - Exchange of Rule 26(a) disclosures.

(iii) December 14, 2007 - Deadline for joinder of parties and amendment of pleadings.

(iv) January 31, 2008 - Deadline for Defendant to file Motion for Judgment on the Pleadings on threshold issues of FACTA's applicability to Internet commerce.

(v) First Discovery Phase, on class certification, begins upon Court's ruling on Motion for Judgment on the Pleadings, and continues until the hearing on class certification.

(vi) 90 days after ruling on Motion for Judgment on the Pleadings - Deadline for Plaintiffs to file their Motion for Class Certification.

(vii) 6 months after class certification is resolved - Completion of Second Discovery Phase, on remaining merits issues.

(viii) 6 months after class certification is resolved - Exchange of expert witness lists, along with S.D. Fla. L.R. 16.1.K summaries/reports.

(ix) 8 months after class certification is resolved - Completion of expert witness discovery.

(x) 10 months after class certification is resolved - Deadline to file Motion for Summary Judgment on the issue of "willfulness" and any other dispositive pretrial motions.

(xi) 11 months after class certification is resolved - Disclosure of fact witnesses for trial.

(xii) 12 months after class certification is resolved - Deadline to file motions *in limine* and motions to exclude or limit proposed expert witness testimony.

(xiii) 14 months after class certification is resolved - Trial date.

**2. LIKELIHOOD OF SETTLEMENT**

The parties agree to carry out settlement discussions in good faith, but the parties believe that settlement is unlikely at the present time.

**3. LIKELIHOOD OF APPEARANCE OF ADDITIONAL PARTIES**

The parties do not believe that additional parties will appear in this action.

**4. PROPOSALS FOR FORMULATION AND SIMPLIFICATION OF ISSUES**

This case involves alleged purchases by Plaintiffs from Defendant using the online Apple Store. The issues include (1) whether Defendant violated the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681, *et seq.* by printing more than the last five digits of a credit or debit card and/or the expiration date on a receipt provided to the cardholder at the point of sale or transaction; (2) whether Defendant willfully violated FACTA, thereby entitling Plaintiff to statutory penalties (Plaintiffs do not allege actual financial harm); and (3) whether this case is suitable for certification as a class action.

Local Rule 16.1(B)(2)(d) asks the parties to submit "proposals for the formulation and simplification of issues, . . . and the number and timing of motions for summary judgment or partial summary judgment . . . ." As stated in Part 1 above, the parties agree that threshold

issues such as whether FACTA applies to Internet commerce should be addressed early to save the parties' and Court's resources. The parties therefore propose an early dispositive motion on the threshold issue of whether FACTA applies to the conduct of Defendants.

**5. THE NECESSITY OR DESIRABILITY OF AMENDMENTS TO THE PLEADINGS**

Plaintiffs agree to amend the pleadings, should such amendments become necessary, on or before December 14, 2007.

**6. THE POSSIBILITY OF OBTAINING ADMISSIONS OF FACT AND OF DOCUMENTS WHICH WILL AVOID UNNECESSARY PROOF, STIPULATIONS REGARDING AUTHENTICITY OF DOCUMENTS AND THE NEED FOR ADVANCE RULINGS FROM THE COURT ON ADMISSIBILITY OF EVIDENCE**

The parties agree to discuss the possibility of simplifying issues of fact through admissions and/or stipulations with respect to the authenticity of documents and other matters as presented through the discovery process. The parties are unable to advise the Court at this time as to the need of advance ruling from the Court on the admissibility of evidence.

**7. SUGGESTIONS FOR THE AVOIDANCE OF UNNECESSARY PROOF AND OF CUMULATIVE EVIDENCE**

The parties agree to work in good faith to avoid unnecessary proof and cumulative evidence.

**8. SUGGESTIONS ON THE ADVISABILITY OF REFERRING MATTERS TO A MAGISTRATE JUDGE OR MASTER**

The parties are unaware of matters which need to be referred to a magistrate judge or master.

**9. A PRELIMINARY ESTIMATE OF TIME REQUIRED FOR TRIAL**

The parties believe that more than ten (10) days will be required for the trial of this action.

**10. REQUESTED DATE OR DATES OF CONFERENCES BEFORE TRIAL, A FINAL PRETRIAL CONFERENCE, AND TRIAL**

The parties request that a trial date be set for fourteen (14) months after class certification is resolved, with a pretrial conference within forty-five (45) days prior to trial.

**11. ANY OTHER INFORMATION THAT MIGHT BE HELPFUL TO THE COURT IN SETTING THE CASE FOR STATUS OR PRETRIAL CONFERENCE**

The parties are unaware of any other information that would be helpful to the Court in setting the case for status or pretrial conference.

**12. WHETHER THE TRIAL WILL BE JURY OR NON-JURY**

Plaintiffs have sought a jury trial of the issues in the instant proceeding.

Dated: November 8, 2007.

Respectfully submitted,

**Attorneys for Plaintiffs:**

/s/ Matthew Sarelson
Matthew Sarelson
msarelson@sarelson.com
Sarelson, P.A.
555 Washington Avenue, Suite 200
Miami Beach, Florida 33139-6639
Telephone: 305-674-3353
Fax: 800-421-9954

John Elliott Leighton
Patricia Kennedy
Leighton@leesfield.com
Leesfield Leighton & Partners, P.A.
2350 S. Dixie Highway
Miami, Florida 33133-2314
Telephone: 305-854-4900
Fax: 305-854-8266

Jay M. Levy, P.A.
jay@jaylevylaw.com
9130 South Dadeland Boulevard
Two Datran Center, Suite 1510
Miami, Florida 33156
Telephone: 305-670-8100
Fax: 305-670-4827

**Attorneys for Defendant:**

/s/ Janet T. Munn
Janet T. Munn
jmunn@ebglaw.com
Florida Bar No. 501281
EPSTEIN BECKER & GREEN, P.C.
200 S. Biscayne Boulevard, Suite 2100
Miami, FL 33131
Telephone: 305-375-7592
Fax: 305-982-1521

Of Counsel:

Martin R. Boles
Mark T. Cramer
Kirkland & Ellis LLP
777 S. Figueroa Street
Los Angeles, California 90017-5800
Telephone: 213-680-8400
Fax: (213) 680-8500